Entered on Docket
June 23, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: June 23, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-31389 TEC |
| RODRIGO CELEDIO and CATHERINE CELEDIO, | Chapter 7 |
| Debtors. | |

**MEMORANDUM RE U.S. TRUSTEE'S MOTION TO DISMISS CASE**

The United States Trustee moves to dismiss Debtors' bankruptcy case under section 707(b) on the basis that (1) a presumption of abuse arises, and (2) the totality of circumstances demonstrate abuse. For the reasons stated below, the motion is denied.

A presumption of abuse arises if a debtor's "current monthly income" less permitted expenses and multiplied by 60 is $10,950 or more. 11 U.S.C. § 707(b)(2)(A)(i)(II). "Current monthly income" is

> the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month

-1-

> period ending on . . . the last day of the calendar month immediately preceding the [petition] date. . . .

11 U.S.C. § 101(10A). I construe this to mean pay received for work performed in the six-month period ending on the last day of the month before the bankruptcy is filed. So construed, the couple's average gross monthly income is $12,788. The United States Trustee acknowledges that Debtors' monthly expenses total $12,639.[1] Thus, Debtors' gross monthly income less expenses is $149. This amount multiplied by 60 is $8,940, which is less than the $10,950 necessary to create a presumption of abuse.

The court also determines that this case is not abusive under the totality of the circumstances. 11 U.S.C. § 707(b)(3)(B); <u>In re Price</u>, 353 F.3d 1145 (9th Cir. 2004). While Debtors have steady jobs, they have only a small net monthly surplus on a budget the United States Trustee admits is not extravagant. (Memo of Points & Authorities, at p.7: 11-12). Debtors may no longer be working overtime, but the court can find no published decision finding such a choice to constitute substantial abuse. Nor did Debtors engage in any other inappropriate behavior. There is no evidence that Debtors obtained cash advances or purchased consumer goods on credit exceeding their ability to repay, or that Debtors engaged in eve-of-bankruptcy purchases.

**\*\*END OF MEMORANDUM\*\***

---

[1] The United States Trustee calculated Debtors' monthly expenses as $12,586. On the record at the hearing, counsel for the United States Trustee acknowledged that this sum does not include the $53 per month Debtors pay for insurance required by their mortgage. (See Official Form 22A, ¶ 42).

Case: 07-31389    Doc# 40    Filed: 06/23/08    Entered: 06/23/08 12:50:45    Page 2 of 3

| | |
|---|---|
| 1 | <u>**Court Service List**</u> |
| 2 | |
| 3 | James F. Beiden, Esq.<br>Law Offices of James F. Beiden |
| 4 | 840 Hinckley Road, Suite 245<br>Burlingame, CA 94010 |
| 5 | |
| 6 | Patricia A. Cutler, Esq.<br>Office of the U.S. Trustee<br>235 Pine Street, Suite 700 |
| 7 | San Francisco, CA 94104 |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Case: 07-31389    Doc# 40    Filed: 06/23/08    Entered: 06/23/08 12:50:45    Page 3 of 3